| | | |
|---|---|---|
| MARWAN HAWES, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:17-cv-5316 |
| | : | |
| LAWRENCE MAHALLEY, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| MONTGOMERY, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| Respondents. | : | |

## O P I N I O N
### Report and Recommendation, ECF No. 23—Adopted
### Habeas Corpus Petition, ECF No. 1—Denied and Dismissed

**Joseph F. Leeson, Jr.**                                                                 **March 30, 2020**
**United States District Judge**

## I.     INTRODUCTION

In this habeas corpus action, petitioner Marwan Hawes challenges the constitutionality of

his conviction and sentence for burglary and associated crimes.  In 2012, following a jury trial in

the Pennsylvania Court of Common Pleas for Montgomery County, Hawes was sentenced to a

term of seven to fourteen years of imprisonment.  Hawes' conviction and sentence were

subsequently upheld by the Superior Court, and in 2014 his petition for allowance of appeal to

the Pennsylvania Supreme Court was denied.  Thereafter, Hawes unsuccessfully moved for

collateral relief under the PCRA[1] in Pennsylvania state court before filing the instant habeas

corpus petition pursuant to 28 U.S.C. § 2254.

---

[1]     "PCRA" refers to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§
9541-9546.  *See Commonwealth v. Haag*, 809 A.2d 271, 284 (Pa. 2002) ("The purpose of the
PCRA is to provide an action for persons convicted of crimes they did not commit and persons

Hawes' habeas petition raises eight claims or grounds[2] for relief, seven of which allege ineffective assistance of trial and/or PCRA counsel.  On November 1, 2018, Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R") [ECF No. 23] in which she recommends that Hawes' habeas petition be denied in its entirety.  Hawes subsequently filed *pro se* objections to the R&R before retaining counsel who filed supplemental objections to the R&R on Hawes' behalf.

After review of the habeas petition, the R&R, as well as both Hawes' *pro se* and counseled objections, for the reasons that follow, this Court overrules the objections, adopts the R&R, and denies and dismisses Hawes' petition.

## II.     RELEVANT BACKGROUND

### A.     Hawes' offense, conviction, and subsequent challenges

The Pennsylvania Superior Court, in its decision[3] denying a direct appeal of his underlying conviction and sentence, summarized the circumstances of Hawes underlying charges, trial, and conviction, as follows:

> On April 15, 2011, Cheltenham Police arrive[d] at 403 Salisbury Ave[nue] in Cheltenham Township to respond to a burglary in progress. Okkyong Rho [(Rho)] arrived home to find a red Jeep Cherokee with tinted windows parked and running outside of her home. Upon approaching her home, the Jeep blew its horn and three African American males fled from the residence and entered the Jeep. Rho stated that she was missing thousands of dollars in currency and women's jewelry. Approximately ten minutes later, police located a red Jeep Cherokee with tinted windows, less than 1 mile from the Rho residence, with its engine and exhaust still warm. In plain view inside the vehicle were a police scanner and a pair of gloves. Rho positively identified [the Jeep as] the vehicle involved in the burglary.

---

serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated.").

2       The Court uses "claims" and "grounds" interchangeably.

3       The same summary appears in the R&R, and there does not appear to be any dispute as to its accuracy.

Other burglaries [had] occurred, on April 12 and 13, in Lower Merion and Springfield Townships respectively. Witnesses to each of those burglaries saw a red Jeep Cherokee parked and running outside of the houses. One witness positively identified the Jeep located on April 15 as the one he saw during the April 13 burglary. Based on this information, a search warrant was issued and executed on the Jeep. Police found the following items: 2 police scanners, work gloves, a ski mask, a crowbar, several pieces of jewelry, and documents identifying [Hawes] and Raymond Stevenson, [as well as a vehicle registration card identifying Marcelline Hawes, Petitioner's mother, as the owner].

\* \* \*

During the alleged burglaries, [Hawes] was on house arrest and under the supervision of Jack Krupczak [(Krupczak)] of the Philadelphia Probation Office. After receiving a flyer police distributed identifying [Hawes] as a burglary suspect, [Krupczak's supervisor] contacted [Police Detective Andy] Snyder about the probation office assisting law enforcement in speaking with [Hawes]. On April 19, 2011, Krupczak contacted [Hawes] and directed him to come to the probation office. Krupczak testified that his meeting was unscheduled and his only purpose was to direct [Hawes] to the Cheltenham Police Department. [Hawes] testified that he believed if he did not comply with this direction, he would be arrested for violating his probation. When he arrived at the police station, [Hawes] told Detective Snyder his probation officer directed him to speak with police about the burglaries. [Hawes] filled out paperwork indicating his identifying information, including phone numbers where he could be reached. [Hawes] then submitted to questioning by Detective Snyder, the answers to which [Hawes] signed. He was never given [warnings of his] Miranda rights,[ ] told he was free to terminate the meeting, or told he was free to leave the police station.

Thereafter, the police obtained a search warrant for the records attached to the cell phone number that [Hawes] provided. Those records revealed that the phone (1) was not registered to [Hawes], but was under the account of Roscoe Williams, and (2) was used near the scenes of the burglaries at the times of the burglaries.

The Commonwealth filed a complaint and information against [Hawes], charging him with various crimes related to the burglaries. Prior to trial, [Hawes] moved to suppress the evidence found in the Jeep, the evidence obtained from his phone records, and his signed answers to Detective Snyder's questioning. The suppression court granted [Hawes'] motion as to his signed answers to the questions, but denied it as to the evidence obtained from the Jeep and the biographical information contained in his police statement.

[Hawes] proceeded to a jury trial. Evidence offered against [Hawes] included, inter alia, the phone records, and a report analyzing DNA evidence taken from a Red Bull can found in the Jeep, which showed that the individual had XY sex

chromosomes and that the chance of the sample being someone unrelated to [Hawes] was one in seven trillion.

*Commonwealth v. Hawes*, No. 2931 EDA 2012, 2013 WL 11254847, at 1*-4* (Pa. Super. Ct. 2013) (citations omitted).

On May 10, 2012, Hawes was found guilty of four counts of burglary, 18 Pa. Cons. Stat. § 3502, four counts of theft by unlawful taking, 18 Pa. Cons. Stat. § 3921, criminal conspiracy, 18 Pa. Cons. Stat. § 903(c), four counts of receiving stolen property, 18 Pa. Cons. Stat. § 3925, and possession of an instrument of a crime, 18 Pa. Cons. Stat. § 907(a). *See* ECF No. 8-102; *Hawes*, 2013 WL 11254847, at *1, *4. On September 5, 2012, Hawes was sentenced to an aggregate term of seven to fourteen years' imprisonment. *See* ECF No. 8-80; *Hawes*, 2013 WL 11254847, at *1, *4. Hawes filed a timely post-sentence motion, which was denied, *see* ECF No. 8-102, and a timely appeal, which was also denied, *see generally Hawes*, 2013 WL 11254847. The Pennsylvania Supreme Court subsequently denied Hawes' allowance of appeal on March 19, 2014. *See* ECF No. 8-41; *Commonwealth v. Hawes*, 624 Pa. 695 (2014).

On December 10, 2014, Hawes filed a *pro se* PCRA petition for post-conviction relief in the Pennsylvania Court of Common Pleas, Montgomery County, in which he raised twenty-two grounds for relief. *See* ECF No. 8-101. Hawes was subsequently appointed PCRA counsel, who filed an amended PCRA petition on his behalf which asserted two primary grounds for relief. *See* ECF No. 8-22. On June 20, 2016, after holding evidentiary hearings on March 21, 2016, and May 10, 2016, the Court of Common Pleas dismissed the PCRA petition, finding Hawes' claims to be without merit. *See* ECF No. 8-60. Hawes filed a timely *pro se* notice of appeal to the Superior Court on or about June 30, 2016, *see* ECF No. 8-62, and on July 21, 2016, he filed a *pro se* petition requesting new PCRA counsel, *see Commonwealth v. Hawes*, 2101 EDA 2016, Slip Op. at 5 (Pa. Super. Ct. 2017) [ECF No. 8-99 at 5]. Subsequently, on October 17, 2016, PCRA

counsel filed a *Turner/Finley* "no-merit" letter[4] with the Superior Court, in which counsel discussed the two issues raised in Hawes' amended PCRA petition, along with a petition to withdraw as counsel. *See id.* at 5, 6 n.8. Hawes then filed a *pro se* response to PCRA counsel's petition to withdraw, and, on a later date, filed a response to counsel's "no-merit" letter. *See id.* at 5. In a decision dated April 19, 2017, the Superior Court found all of Hawes' claims meritless and affirmed the PCRA court's dismissal of the amended PCRA petition. *See generally id.* Hawes subsequently filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied. *See* ECF Nos. 8-98, 8-100.

On or about November 19, 2017, Hawes filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 ("Hab. Pet.") [ECF No. 1], initiating the instant proceeding. His petition raised the following eight grounds for relief, which the Court reproduces below with minimal alterations:

> (1) Trial counsel ineffective for failure to properly advise [Petitioner] of his right to tes[t]ify, or call [Petitioner] to testify, despite [Petitioner's] desire to do so.
>
> (2) Trial counsel ineffective for failure to challenge consecutive sentence of possession of instrument of crime, violates bur[g]lary statute 19 Pa.C.S. 3502D; § 906.
>
> (3) Trial counsel ineffective for presentation of inconsistent alibi defense, failure to properly prepare alibi witness Robert Malino.[5]
>
> (4) Trial court erred in limited denial of motion to suppress custodial statement, on basis it contained biological info, including incriminating cell phone [sic].

---

[4] *Commonwealth v. Turner,* 518 Pa. 491 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390 (1988) (*en banc*) "establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." *Com. v. Pitts*, 603 Pa. 1, 3 n.1 (2009).
[5] The last name of this individual is referred to as both "Molina" and "Molino" in the filings related to Hawes' habeas petition. The Court will refer to this individual's last name as "Molina," while keeping the spelling unaltered in quotations.

(5) Trial counsel ineffective for failure to interview/call witnesses A) Raymond Stevenson[,] B) Roscoe Williams, C) Luvon Poulson, and D) Daryl Dees.[6]

(6) Trial counsel ineffective for failure to challenge Cheltenham burglary conviction, where there was no "nonpermission" testimony of record to sustain such conviction.

(7) Trial counsel ineffective for failure to object to statement of Healthbridge Chiropractic [sic] Kia Bennett.

(8) Trial counsel ineffective for failure to challenge sentence of illegal restitution, not supported by record where trial court failed to meet statutory requirement.

Hab. Pet. ¶ 12; *see* R&R at 5-6.

The matter was subsequently referred to Magistrate Judge Lynne Sitarski for a Report and Recommendation as to whether the petition should be granted. *See* ECF No. 3. On June 19, 2018, Respondents filed opposition to Hawes' petition, *see* ECF No. 18, and, at the direction of Magistrate Judge Sitarski, respondents filed supplemental opposition on August 2, 2018, *see* ECF Nos. 20-21. Magistrate Judge Sitarski issued her R&R on November 1, 2018. *See* ECF No. 23.

### B. The Report and Recommendation

#### 1. *Habeas claims two, four, six, seven, and eight*

Magistrate Judge Sitarski found that Hawes' second, fourth, sixth, seventh, and eighth claims—ineffective assistance of trial counsel for failure to challenge consecutive sentence for possession of instrument of a crime, error in denying a motion to suppress, ineffective assistance of trial counsel for failure to challenge the Cheltenham burglary conviction, ineffective assistance of trial counsel for failure to object to a witness statement, and ineffective assistance

---

[6] The first name of this individual is referred to as both "Daryl" and "Darryl" in the filings related to Hawes' habeas petition. The Court will refer to this individual's first name as "Daryl," while keeping the spelling unaltered in quotations.

of trial counsel for failure to challenge restitution, respectively—were procedurally defaulted. *See* R&R at 11. Specifically, Judge Sitarski noted that Hawes raised twenty-two claims of error in his *pro se* PCRA petition, and that Hawes' PCRA counsel raised two primary claims in the amended PCRA petition. *See id.* at 12. Judge Sitarski observed the claims in Hawes' amended PCRA petition as well as his *pro se* response to PCRA counsel's *Turner/Finley* letter are grounds one, three, and five of the instant habeas petition. *See id.* The other five claims, she found, did not appear in either the amended PCRA petition or Hawes' response to counsel's *Turner/Finley* letter. *See id.* at 13. Judge Sitarski further concluded that any new PCRA petition to raise these unexhausted claims would be time barred, and because the PCRA statute of limitations "is an 'adequate' and 'independent' state procedural rule which is consistently applied, [ ] these claims are procedurally defaulted." R&R at 13 (quoting *Doctor v. Walters*, 96 F.3d 675, 684 (3d Cir. 1996)).

Having determined these five claims to be unexhausted and procedurally defaulted, Magistrate Judge Sitarski next discussed whether Hawes has established "cause and prejudice," which would permit the court to review his claims notwithstanding their default. R&R at 14. Judge Hawes found that Hawes only attempts to raise cause and prejudice for his sixth claim, under *Martinez v. Ryan*, 566 U.S. 1 (2012), and does not put forth any argument to excuse the procedural default of his other claims. *See id.* Judge Sitarksi concluded that Hawes failed to demonstrate that his sixth claim falls within the scope of *Martinez v. Ryan*, which recognizes a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default.[7] *Id.* at 15. For reasons discussed at length in the

---

[7] As discussed at length below, to invoke the *Martinez* exception, a petitioner must show that (1) the defaulted claim of ineffective assistance of counsel has "some merit," and (2) he had

R&R,[8] Judge Sitarski concluded that Hawes' sixth habeas claim was without merit, because "PCRA counsel reasonably concluded that [Hawes'] underlying ineffectiveness claim—the claim raised in Ground Six alleging trial counsel's ineffectiveness for failing to challenge the sufficiency of the evidence it pertained to one of the four burglary convictions—was meritless," and Hawes' PCRA counsel cannot be deemed ineffective for failing to raise a meritless PCRA claim. R&R at 16; *see id*. at 17-20. This claim therefore does not fall within *Martinez*'s exception for "cause and prejudice," and the R&R found no basis to excuse the procedural default as to this claim. *See id*. at 20.

### 2. *Habeas claims one, three, and five*

Hawes' properly exhausted habeas claims (one, three, and five) each allege that trial counsel provided ineffective assistance. With respect to habeas ground one, in which Hawes alleges that his trial counsel was ineffective for failing to properly advise him of his right to testify "despite [his] desire to do so," Hab. Pet. ¶ 12, Judge Sitarski concluded that Hawes "has not presented clear and convincing evidence to rebut the PCRA Court's finding that [his] trial counsel advised him of his right to testify," a finding, she observes, which the PCRA court reached following two evidentiary hearings. R&R at 23. Because "[f]ederal habeas courts are not permitted to re-weigh witness credibility, and are bound by factual findings of state courts," the R&R recommends that Hawes' first habeas claim be denied. *Id*. at 24.

In his third ground for habeas relief, Hawes alleges that his trial counsel was ineffective for "fail[ing] to properly prepare alibi witness Robert [Molina]." Hab. Pet. ¶ 12. He further

_____

"no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding. *See Martinez*, 566 U.S. at 14, 17.

[8] The R&R discusses in detail how the evidence adduced at trial was sufficient to satisfy the Commonwealth's burden of proving that Hawes was not "licensed or privileged" to enter Rho's house. R&R at 18.

states that the Superior Court's conclusion that trial counsel was not ineffective on this ground "constitutes an unreasonable application of clearly established federal law s defined by the U.S. Supreme [Court]." *Id*. Judge Sitarski found that (1) Hawes "advances no argument on this point other than" the conclusory assertion mentioned, R&R at 26, (2) moreover, to the contrary, trial counsel adequately prepared this alibi witness, *see id*., and (3) even if trial counsel's performance was deficient, Hawes has failed to show prejudice as a result, *see id*. at 27-29.

In his fifth ground for habeas relief, Hawes alleges that trial counsel was ineffective for failing to call four witnesses: Raymond Stevenson, Roscoe Williams, Luvon Poulson, and Daryl Dees. *See* Hab. Pet. ¶ 12. As to Raymond Stevenson, Judge Sitarski noted that the PCRA court concluded—and the Superior Court agreed—that trial counsel demonstrated a reasonable basis for failing to call this witness: Mr. Stevenson's PCRA hearing testimony was "incredible" and "it was contradictory to that of [Hawes'] mother." R&R at 31. Judge Sitarski also observed that Hawes' trial counsel himself explained that "he did not call Mr. Stevenson because 'he had a really bad drug history,' and it was a 'gamble putting somebody like [Mr. Stevenson] up on the stand.'" *Id*. (citation omitted). Moreover, Judge Sitarski observed that Hawes' trial counsel attempted to implicate *Stevenson* as the perpetrator of the burglaries; putting Stevenson on the stand would be inconsistent with this strategy. *See id*. at 32. For these reasons, Judge Sitarski found that there was a reasonable basis not to call Raymond Stevenson as a witness, and recommends that habeas relief for ineffective assistance of trial counsel on this ground be denied. *See id*. at 32-33.

As to Roscoe Williams, Judge Sitarski similarly concluded that Hawes has failed to show that the state courts' determination that there was a reasonable basis for not calling Williams at trial—specifically, because he would have been impeached, presented as incredible, and had a

significant criminal history—was contrary to, or involved an unreasonable application of, clearly established federal law. *See* R&R at 33-34. The PCRA court and the Superior Court agreed that had Williams been called, he would have been impeached at trial with a *crimen falsi* robbery conviction, and the Commonwealth would have rebutted his testimony with expert testimony about the location of a cell phone used by Hawes. *See id.* at 34. Judge Sitarski concluded that trial counsel acted reasonably in not calling Williams, "because [he] had credibility problems and a prior robbery conviction, and because the Commonwealth had strong evidence in rebuttal of his purported testimony." *Id.* at 35.

As to Luvon Poulson, Hawes attached a one-page affidavit to his PCRA petition in which Poulson purports to attest that he would have made clear to the court that he, rather than Hawes, was in possession of a certain cell phone on the dates and times in question. *See* R&R at 35. However, Poulson failed to appear at the PCRA hearing, and the PCRA court concluded that Hawes' argument regarding Mr. Poulson was waived by failure to produce him at the hearing. *Id.* at 36. The Superior Court disagreed that the issue was waived, but found nonetheless that the issue was without merit. *See id.* According to the Superior Court, there is no evidence Poulson would have been available to testify at trial, and, moreover, the Commonwealth's cell phone expert would have rebutted any testimony presented by him. *See id.* For effectively the same reasons stated by the Superior Court, Judge Sitarski in her R&R concluded that trial counsel was not ineffective for not calling Poulson to testify. *See id.* at 37.

Finally, as to Daryl Dees, Hawes also attached a supposedly exculpatory affidavit from Mr. Dees to this PCRA petition. While the PCRA court found the issue waived because Dees did not appear at the PCRA hearing, the Superior Court disagreed that the issue was waived, but found that the affidavit did not confirm that Dees would have been available to testify at Hawes'

trial.  *See* R&R at 37-38.  Judge Sitarski concluded that the finding of the Superior Court—that there was no evidence Dees would have been available to testify at Hawes' trial, and, to the contrary, his absence at the PCRA hearing further suggested his unavailability—was reasonable, and that Hawes "has not put forth any evidence to rebut that finding, as he makes no showing to this Court that Mr. Dees was available to testify at trial."  *Id*. at 38.  Accordingly, Judge Sitarski recommends habeas relief on the basis of ineffective assistance of trial counsel as to this witness be denied.  *See id.* at 38-39.

### C.      Hawes' *pro se* objections

Hawes filed *pro se* objections to the R&R on December 7, 2018 ("Obj. 1") [ECF No. 33], after requesting and receiving an extension of time to do so.  Hawes raises the following three objections to the R&R:  (1) "Magistrate erred in finding counsel's assistance effective in preparing alibi witness Ro[b]ert Molino only in 1 day before testifying absent: 1) presentation of petitioner's work record, attendance, or interview petitioner's job-site, or employees other than Molin[a]"; (2) "Magistrate erred in finding trial counsel's assistance effective based on Darryl Dees' alibi testimony cumulative [sic] of Molino's"; and (3) "Magistrate erred in finding in applying [sic] presumption against petition based on failure to meet Pennsylvania's 'availability' requirement on Darryl Dees' claim."[9]  Obj 1 at 1-2.

In support of his first objection, Hawes states that "[t]rial counsel put Molino on the stand without knowing 'what he'd say,' and then objection to Molino's testimony as being 'hearsay.'  Trial counsel made no attempt to: (a) consult with Hawes' employer; (b) other employees, other than Molino; [or] (c) obtain Hawes' work records, attendance, pay-checks, etc."  Obj. 1 at 2.

---

[9]       These quotations appear in all caps in Hawes' pro se objections.  For readability, the Court has reproduced them here with only the appropriate letters capitalized.

Hawes then quotes statements of his trial counsel to the trial court in which counsel describes his inability to locate Molina and expresses uncertainty as to whether he will call Molina as a witness because he does not know "exactly what he is going to say, [and] what he's not going to say and any kind of detail." *Id.* Hawes contends that "[h]ad trial counsel previously spoke [sic] with Molino (concerning Sean Squire)"—an individual from whom Hawes states Molina "testified" that he heard certain information—"it is unquestionable that [counsel] would have called Squire (instead of Molino)." *Id.* According to Hawes, the "Magistrate made no attempt to determin[e] whether Darryl Dees (or Squire) would (or could) have been 'more helpful' than . . . Molino," *id.* at 3, and he also criticizes Judge Sitarski's citation to the "unpublished opinion in Ryals v. Pa., No. 14-2467, 2015 WL 2446638 at 9 (E.D. Pa. 5/15/2015) for the proposition that '[T]here is a reasonable argument for not calling additional witnesses following an uncontradicted witness offering the same evidence,'" *id.* (quoting R&R at 30).

In support of his second objection, Hawes contends that the Superior Court's decision, specifically that Dees' testimony regarding Hawes working on a job site when the burglaries occurred was cumulative of Molina's, "constitutes an 'unreasonable application of clearly established federal law' as determined in Strickland, and unreasonable in light of the facts presented." Obj. 1 at 5. Hawes again takes issue with Judge Sitarski's citation to "numerous (unpublished opinions)," this time "for the proposition that: '[T]rial counsel cannot be found ineffective for failing to present cumulative witnesses.'" *Id.* (quoting R&R at 30). Additionally, as in his first objection, he asserts that the "Magistrate never analyzed the 'substance' of Molino's alibi testimony. In fact, Molino testified he heard this information from Sean Squire. Thus Molino never indicated 'when' in 2011, Hawes failed to come in for work." Obj. 1 at 6 (citations omitted). Hawes moreover alleges that, while Judge Sitarski "seems to suggest" that

Dees' alibi testimony "would have been contradicted by [the] Commonwealth's [c]ell-phone expert," his own trial counsel "never consulted with a cell-phone (or any other expert) in determining whether or not to interview Dees[ ] (or Sean Squire)." *Id.*

In support of his third objection, Hawes provides little argument, and rather quotes from several cases, as well as different portions of the R&R with which he takes issue. The thrust of the point Hawes is trying to make, despite the absence of any independent argument, appears to be that his trial counsel was able to and should have issued a trial subpoena to compel Dees to testify on Hawes' behalf, and that Hawes need not have shown that Dees was "ready, willing, and able to testify at trial" in order to succeed on his ineffective assistance of counsel claim. *See* Obj 1 at 8.

### D. Hawes' counseled objections[10]

Habeas counsel for Hawes filed supplemental objections to the R&R on Hawes' behalf on October 25, 2019. *See* ECF No. 33. Counsel first attacks Magistrate Judge Sitarski's finding that claims two, four, six, seven, and eight of Hawes' petition are procedurally defaulted, because, counsel contends, cause and prejudice exists to allow this Court to review the merits of these claims. *See* Supplemental Objections ("Obj. 2") [ECF No. 33] at 1-3. Counsel states that PCRA counsel effectively "abandoned" claims two, four, six, seven, and eight, "with which

---

[10]    Habeas counsel for Hawes filed a notice of appearance with the Court on February 15, 2019. *See* ECF No. 28. On the same day, habeas counsel filed a motion for leave to amend Hawes' habeas corpus petition, *see* ECF No. 29, which this Court denied as untimely, *see* ECF No. 30. Shortly after the Court denied habeas counsel's motion to amend Hawes' habeas petition, counsel moved for leave to file counseled objections to Magistrate Judge Sitarski's R&R to supplement Hawes' *pro se* objections. *See* ECF No. 31. The Court granted habeas counsel's motion, giving counsel 90 days to file such objections. *See* ECF No. 32. Habeas counsel's objections to the R&R on behalf of Hawes were filed on October 25, 2019. *See* ECF No. 33.

investigation and development by counsel could be potentially meritorious." *Id*. at 2. According to habeas counsel, Hawes "asserted all of these claims in his *pro se* PCRA petition" and PCRA counsel "was aware of [Hawes'] desire to have those claims reviewed and preserved." *Id*. Therefore, counsel avers that "[a]s a matter of equity . . . it would be manifestly unjust to not allow him federal review of those claims." *Id*. Counsel additionally "objects to the Magistrate's finding that Ground Six is not excused under <u>Martinez</u> because his underlying claim of ineffective assistance of trial counsel – for failure to challenge the sufficiency of the evidence for one of the counts of burglary – is not 'substantial,'" *i.e.* that it lacks merit. *Id*. According to habeas counsel, had PCRA counsel "conducted an adequate extra-record investigation at the PCRA stage before he summarily abandoned the claim, he would have been able to establish 'some merit' that trial counsel was ineffective." *Id*. at 3.

The majority of habeas counsel's objections are directed at Hawes' exhausted habeas claims one and five.[11] As to go ground one, in which Hawes alleges trial counsel was ineffective for failing to meaningfully inform him of his right to testify at trial, habeas counsel states that trial counsel failed to impart on Hawes "an understanding of the rules of evidence, criminal procedure and criminal law," which counsel avers is required for a waiver of the right to testify to be "intelligent." Obj. 2 at 4. Habeas counsel moreover asserts that trial counsel failed to engage in a necessary inquiry with Hawes as to the "potential advantages, disadvantages, and consequences" with respect to both testifying and not testifying. *Id*. at 5. According to habeas counsel, "there was no objectively reasonable, rational evidentiary basis under the specific circumstances of this case, for counsel's advice *not* to testify." *Id*. at 6 (emphasis in original).

---

[11]     Habeas counsel does not assert an independent objection to exhausted claim three, which concerns trial counsel's alleged failure to properly prepare alibi witness Molina.

"The state court does not explain, nor does the Magistrate, how impeachment for a prior burglary conviction"—the reason trial counsel advised Hawes not to testify—"would make the alibi defense entirely incredible" according to habeas counsel, and Hawes "could have told the jury about his having been at work when the burglary took place." *Id*. at 8.

As to ground five, in which Hawes claims that trial counsel was ineffective for failing to call witnesses, habeas counsel objects to Magistrate Judge Sitarski's finding that trial counsel made a strategic decision not to call these witnesses. *See* Obj. 2 at 9. According to habeas counsel, trial counsel did not interview these witnesses, and "[h]e had no idea therefore what evidence they could provide," *id*., and "[f]ailing to investigate witnesses, particularly those who had the potential of rebutting highly inculpatory testimony . . . can *never* be considered objectively 'reasonable.'" *Id*. at 10 (emphasis in original). With respect to specific individuals, habeas counsel also objects to Judge Sitarski's "reliance on the PCRA court reasoning as to why Stevenson was not called," *id*. at 11, as well as to the finding that Stevenson's testimony was "incredible" because it was contradictory to that of Hawes' mother, *id*. at 12. As to witnesses Poulson and Williams, habeas counsel asserts that trial counsel had a "duty to present" their testimony after he argued that the cell phone was used by them. *Id*. at 13. Habeas counsel moreover objects to Judge Sitarski's reliance "on the PCRA Court conclusion that trial counsel 'demonstrated a reasonable basis' for not calling Mr. Williams,"—his criminal history—because, according to habeas counsel, "[i]f lack of criminal history was a litmus test for being a witness, there would be very few witnesses in most criminal cases." *Id*. Finally, habeas counsel asserts that trial counsel had the ability and duty to subpoena necessary witnesses to testify at trial. *See id*. at 14.

### III. LEGAL STANDARDS AND APPLICABLE LAW

#### A. Contested reports and recommendations

When timely objections to a magistrate judge's report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Where objections are general rather than specific, *de novo* review is not required. *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Uncontested portions of a report and recommendation, as well portions to which untimely or general objections are made, may be reviewed under a standard determined by the district court; however, at the very least, these portions should be reviewed for "clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level of review to dispositive legal issues raised by the report[.]' We have described this level of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987))). A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in a report, 28 U.S.C. § 636(b)(1)(C), and "[is] not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016).

#### B. Habeas corpus petitions under 28 U.S.C. § 2254—general principles

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). Under 28 U.S.C. § 2254,

which governs petitions for a writ of habeas corpus on behalf of state court prisoners, habeas

relief is available to a petitioner only where a state court's determination of the merits of his

claims resulted in a decision that was (1) "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States," or

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." [12] 28 U.S.C. § 2254(d)(1)-(2). Section 2254 mandates that federal

courts "presume" the correctness of state court factual determinations with respect to issues

presented in a habeas petition. 28 U.S.C. § 2254(e)(1). The statute also states that a habeas

petitioner "shall have the burden of rebutting [this] presumption of correctness by clear and

convincing evidence." *Id*.; *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) ("[A] federal habeas

court must afford a state court's factual findings a presumption of correctness and that [ ]

presumption applies to the factual determinations of state trial and appellate courts."); [13]

*Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be

drawn either way, the state court decision must stand, as its determination of the facts would not

be unreasonable.").

In the end, "[a] state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

---

[12]     Section 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act
("AEDPA"), one purpose of which was "to reduce delays in the execution of state and federal
criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). In particular, Congress
adopted an amended 28 U.S.C. § 2254(d), governing petitions for writs of habeas corpus where a
petitioner's claims were previously "adjudicated on the merits in State court proceedings." 28
U.S.C. § 2254(d); *Woodford*, 538 U.S. at 206.
[13]     "[T]he § 2254(e)(1) presumption of [factual] correctness applies regardless of whether
there has been an 'adjudication on the merits' for purposes of § 2254(d)." *Nara v. Frank*, 488
F.3d 187, 200-01 (3d Cir. 2007).

court's decision."[14] *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington*, 562 U.S. at 101); *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (explaining that § 2254 "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt").

### C.    Exhaustion and procedural default—general principles

Because of the deference owed to state courts under § 2254, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1) (explaining that a petition for a writ of habeas corpus "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State").[15] Similar to the requirement of "exhaustion," where a state court has denied a petitioner's claim for collateral relief based on an adequate and independent state procedural rule, the claim is considered "procedurally defaulted," and may not be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. This is an important 'corollary' to the exhaustion requirement.") (citations omitted);[16] *see Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)

---

[14]    The heightened level of deference in § 2254(d) is not applicable to a state court's determination as to whether a petitioner waived his right to review, because, in such a situation, there has not been an adjudication on the merits of any "claim." *Id.* at 180.

[15]    A petitioner can overcome the requirement of exhaustion if he can show "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

[16]    "The procedural default doctrine [ ] advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Id.* at 2064 (citing *McCleskey v. Zant,* 499 U.S. 467, 493 (1991)).

(explaining that "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance").

While failure to exhaust claims usually requires a district court to dismiss a habeas petition without prejudice so that a petitioner can return to state court to exhaust his claims, where state law forecloses review of unexhausted claims, the claims are considered procedurally defaulted. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). However, "[a] state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila*, 137 S. Ct. at 2064-65 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). A factor is "external" only if it cannot be attributed to the petitioner. *Coleman*, 501 U.S. at 753.

### D.     Ineffective assistance of counsel—general principles

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the standard applicable to claims of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687. To establish the first factor— deficiency—a "'defendant must show that counsel's representation fell below an objective standard of reasonableness' 'under prevailing professional norms.'" *Elias v. Superintendent*

*Fayette SCI*, 774 F. App'x 745, 750 (3d Cir. 2019) (quoting *Strickland*, 466 U.S. at 688), *cert. denied sub nom. Elias v. Capozza*, 140 S. Ct. 437, 205 L. Ed. 2d 261 (2019).  To establish the second factor—prejudice—"the defendant must show that prejudice resulted, such 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Elias*, 774 F. App'x at 750 (quoting *Strickland*, 466 U.S. at 694).  Importantly, "[j]udicial scrutiny of a counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.  There is, moreover, a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see Bell v. Cone*, 535 U.S. 685, 6994 (2002).

## IV.    DISCUSSION

### A.    Habeas claims two, four, six, seven, and eight were correctly found to be procedurally defaulted.

The Court begins by addressing Hawes' second, fourth, sixth, seventh, and eighth grounds for habeas relief.  Judge Sitarski found these claims to be unexhausted, and further, procedurally defaulted, because the PCRA statute of limitations had run, precluding Hawes from returning to state court to exhaust them.  *See* R&R at 13-14.  She moreover found that neither "cause" nor "prejudice" existed, and Hawes could therefore not overcome the procedural default of these claims.  *See id*.  While Hawes does not raise any objection as to these claims in his *pro se* objections, his habeas counsel does.  *See* Obj 2 at 1-3.  For the reasons discussed below, the

Court overrules counsel's objections and adopts the R&R's findings and recommendations as to claims two, four, six, seven, and eight.

Judge Sitarski's conclusion that these claims are unexhausted and procedurally defaulted is based, in large part, on the fact that they were not raised in Hawes' amended PCRA petition or his response to PCRA counsel's *Turner/Finley* letter (the claims raised in the amended petition and response to counsel's "no-merit" letter are Hawes' first, third, and fifth habeas claims). *See* R&R at 12-13. Judge Sitarski concluded that while they may have been asserted in Hawes' *pro se* PCRA petition, the amended PCRA petition upon its filing became the operative petition, replacing the prior *pro se* petition, and these claims were never presented to the state court as a result. *See id.* at 13.

Although habeas counsel does not directly challenge Judge Sitarski's finding that Hawes' amended PCRA petition replaced his *pro se* PCRA petition, because it is the threshold finding with respect to these claims, it is important to note that this finding is correct as a matter of law. In *Commonwealth v. Pursell*, 555 Pa. 233 (1999), the Pennsylvania Supreme Court, elaborating on its previous decision in *Commonwealth v. Ellis*, 534 Pa. 176 (1993), explained why an amended PCRA petition filed by counsel replaces a previously filed *pro se* PCRA petition. It is therefore settled Pennsylvania law that a court does not abuse its discretion when it declines to consider a *pro se* PCRA petition that is followed by a counseled, amended PCRA petition. *See Pursell*, 555 Pa. at 250-51 (explaining the policy reasons for declining to review *pro se* briefs when an appellant is represented by counsel, and concluding, "[w]e will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants. After reviewing the entire record of this case, there is no

basis for this Court to conclude that the PCRA court abused its discretion when it refused to consider the issues raised in the Appellant's *pro se* pleading").

Having found these claims procedurally defaulted because they were unexhausted and the PCRA statute of limitations had run—the Court notes the finding that the PCRA statute of limitations had run is also correct—Judge Sitarski concluded that in the absence of cause and prejudice, these claims could not be reviewed on their merits. *See* R&R at 13-14. Judge Sitarski then observed that, "[g]iving [Hawes] every benefit of the doubt, and liberally construing his *pro se* pleadings, he arguably attempts to raise cause and prejudice, under *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse the procedural default of his claim for relief in Ground Six. He does not put forth any argument to excuse the procedural default on his other Grounds." *Id.* at 14. She therefore concluded no cause or prejudice existed to excuse the default on claims two, four, seven, and eight, and additionally, that the procedural default on claim six could not be excused, despite Hawes having forwarded argument on the issue, because the claim was not "substantial." *See id.* at 14-20. Judge Sitarksi is correct. The Court will explain why this is so in the context of habeas counsel's particular objections.

### 1. *Counsel's objection as to claims two, four, seven, and eight is improper.*

Before addressing ground six in particular, Hawes' habeas counsel raises a general objection to Judge Sitarski's finding as to claims two, four, seven and eight, arguing that "appointed PCRA counsel was inadequate and abandoned claims Two, Four, Six, Seven and Eight which with investigation and development by counsel could be potentially meritorious." Obj. 2 at 2. Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), habeas counsel asserts that Hawes' inadequate or nonexistent counsel in the PCRA proceeding "does not lead to default," and, "[a]s

a matter of equity . . . it would be manifestly unjust to not allow him federal review of those claims." *Id.*

Any objection premised on this argument is improper. It is well settled that arguments cannot be raised for the first time in an objection to a Magistrate Judge's report and recommendation; rather, any such arguments are deemed waived. *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing E.D. Pa. Local R. Civ. P. 72. 1.IV(c))); *Kightlinger v. Pennsylvania*, No. CIV.A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (explaining that consideration of issues raised for the first time in an objection to a report and recommendation "would reduce the proceedings before the magistrate[ ] Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges"). Here, despite being aware of *Martinez v. Ryan*, 566 U.S. 1 (2012) and referencing it with respect to his ground number six, Judge Sitarksi correctly observed that Hawes fails to raise *Martinez* in the context of any of his other procedurally defaulted claims. *See* Hab. Pet. ¶ 12. As a result, the argument that *Martinez* excuses the procedural default of all claims other than number six is waived, and the Court reviews the R&R as to this argument only for clear error. *See Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016). Finding none, the Court adopts the R&R's findings and conclusions as to claims two, four, seven, and eight: habeas relief is denied based upon procedural default.

## 2.    *Claim six is not "substantial."*

The Court next turns to counsel's objection to Judge Sitarksi's finding with respect to the petition's sixth ground for relief, the basis for which was properly addressed, if only fleetingly, in the Hawes' *pro se* habeas petition.  *See* Hab. Pet. ¶ 12.  After a *de novo* review of Hawes' habeas petition and the underlying record, the Court agrees with the R&R's conclusion that this claim is without merit, and therefore cannot overcome procedural default.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.' That is so . . . because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." *Maples v. Thomas*, 565 U.S. 266, 280-81 (2012) (quoting *Coleman*, 501 U.S. at 753-54).  In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized the following narrow exception to this rule:  "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 17.  The Court made clear that its holding in *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id*. at 16.

As noted, Judge Sitarski found that that *Martinez v. Ryan*, 566 U.S. 1 (2012) did not excuse the procedural default on claim six because, while "cause" might be present, the claim is

not "substantial," *i.e.*, it is without merit.  *See* R&R at 16.  In opposition, Hawes' habeas counsel states as follows:

> [Hawes] [ ] objects to the Magistrate's finding that Ground six is not excused under <u>Martinez</u> because his underlying claim of ineffective assistance of trial counsel – for failing to challenge the sufficiency of the evidence for one of the counts of burglary – is not "substantial." . . . Had [Hawes'] court appointed PCRA counsel conducted an adequate extra-record investigation at the PCRA stage before he summarily abandoned the claim, he would have been able to establish 'some merit' that trial counsel was ineffective.  Unfortunately, the state court system allows appointed counsel to be paid for doing little to no investigation into the merits of a pro se petition's claim. To the extent that the claim was not sufficiently developed and argued, that is due to PCRA [c]ounsel's failure to do so.  Counsel effectively 'abandoned' [Hawes].

Obj. 2 at 3 (quotation and footnote omitted).  The Court disagrees with counsel.

As Judge Sitarski observed, *see* R&R at 15, to show that an underlying ineffectiveness claim is "substantial" and has "some merit," a petitioner must establish that jurists of reason could disagree as to whether trial counsel was ineffective under the operative standard of *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Martinez*, 566 U.S. at 14; *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003).  In the context of habeas counsel's specific argument, this would require reasonable jurists to disagree as to whether trial counsel was ineffective for failing to challenge Hawes' burglary conviction for a lack of evidence to support the "non-permission" element of the crime.  *See* Hab. Pet. ¶ 12.  The standard for evaluating a sufficiency-of-the-evidence claim requires a court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  R&R at 16 (emphasis in original) (quoting *Sullivan v. Cuyler*, 723 F.2d 1077, 1083-84 (3d Cir. 1983)).

As Judge Sitarksi correctly observed, the testimony of Ms. Rho—which the Court does not repeat here given the thoroughness of the R&R—in addition to evidence resulting from the

(warranted) search of the Jeep, and its location with respect to the location of the burglary, was sufficient for the Commonwealth to prove that Hawes was not "privileged or licensed" under the burglary statute to enter Ms. Rho's home. *See* R&R at 18-19. Because the evidence was sufficient to support this element of the offense, trial counsel was not ineffective for failing to challenge Hawes' conviction on this basis: counsel's failure to do so constituted neither a deficient performance, nor did it prejudice Hawes. *See Strickland*, 466 U.S. at 687-88; *see also Rainey v. Varner*, 603 F.3d 189, 203 (3d Cir. 2010) (discussing prejudice in the context of a claim of ineffective assistance for failure to challenge the sufficiency of the evidence); *cf. D'Amario v. United States*, 403 F. Supp. 2d 361, 373 (D.N.J. 2005) ("Failing to assert meritless defenses was not objectively unreasonable performance by counsel and did not prejudice Petitioner."). Significantly, it is not the case that reasonable jurists could disagree on this point. *See Martinez*, 566 U.S. at 14; *Miller-El*, 537 U.S. at 323.

For these reasons, Hawes' sixth claim for habeas relief is not "substantial," cannot invoke the narrow exception established by *Martinez* as a result, and remains procedurally defaulted. The Court therefore overrules habeas counsel's objection to the R&R on this basis, and adopts the R&R's findings and recommendation with respect to ground six: habeas relief is denied based upon procedural default.

**B.**   **Habeas claims one, three, and five were correctly found to be without merit.**

*1.*   *Habeas relief is not warranted with respect to claim one.*

While Hawes does not object to the R&R's findings and recommendation as to ground one of the habeas petition, habeas counsel does. Specifically, counsel avers that trial counsel failed to impart upon Hawes "an understanding of the rules of evidence, criminal procedure and criminal law," which counsel argues is required for a waiver of the right to testify to be

"intelligent." Obj. 2 at 4. Similarly, habeas counsel asserts that trial counsel failed to engage in a necessary inquiry with Hawes as to the "potential advantages, disadvantages, and consequences" with respect to both testifying and not testifying. *Id*. at 5. According to habeas counsel, "[t]he state court does not explain, nor does the Magistrate, how impeachment for a prior burglary conviction"—the reason trial counsel advised Hawes not to testify—"would make the alibi defense entirely incredible," and Hawes "could have told the jury about his having been at work when the burglary took place." *Id*. at 8.

The Court finds this objection, like the underlying habeas claim, to be without merit. The first portion of counsel's objection—that trial counsel failed to advise Hawes about his rights in a meaningful way—is belied by the record. Contrary to habeas counsel's assertion, trial counsel testified, at length, that he had spoken with Hawes on numerous occasions about his right to testify, and counseled Hawes that if he testified in his own defense, the Commonwealth would impeach him based upon his prior burglary conviction. *See, e.g*., ECF No. 8-42 at 19-20; *Commonwealth v. Hawes*, 2101 EDA 2016, Slip Op. at 9-10 (Pa. Super. Ct. 2017). According to trial counsel, Hawes understood and knowingly accepted this recommendation. *See* ECF No. 8-42 at 19:19-23 ("I didn't have to convince him not to testify. I think he readily understood beyond any doubt in my mind why that was the best course of action."). In the end, the PCRA court conducted two evidentiary hearings, and concluded that Hawes' testimony that he never discussed his right to testify with counsel, despite admitting to having met with trial counseling on multiple occasions, was incredible, while trial-counsel's testimony to the contrary was credible. *See* ECF No. 8-60 at 1 n.1; *Hawes*, 2016 Slip Op. at 10. These factual findings were upheld on the record by the Superior Court. *See Hawes*, 2016 Slip Op. at 10.

This Court is required to presume the above findings correct in the absence of clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The state courts' findings, which are consistent with the factual record, fatally undermine habeas counsel's argument that trial counsel "did not have the type of full and thorough discussion" with Hawes that habeas counsel argues is required, Obj. 2 at 6. Moreover, the Court agrees with the R&R that Hawes' argument about the subject matter of his testimony—that he would have corroborated his alibi witnesses—does not amount to clear and convincing evidence to overturn the presumptive correctness of these factual findings. *See* R&R at 24.

Habeas counsel's other primary argument—that trial counsel's purported reason for advising Hawes not to testify is not credible and/or is not supported by the record—is also without merit. Habeas counsel objects to what counsel sees as a lack of explanation for "how impeachment for a prior burglary conviction would make the alibi defense entirely incredible." Obj. at 8. Trial counsel stated his concern that "had [Hawes] testified he would have been able to be impeached as a prior burglar," which, in counsel's opinion, "would have torpedoed the whole defense." ECF No. 8-42 at 16:8-11. This concern was accepted as legitimate by both the PCRA and Superior Courts, *see* ECF No. 8-60 at 1 n.2; *Hawes*, 2016 Slip Op. at 10, and in this Court's view, is logical on its face, *see, e.g.*, *Hughes v. Hartman*, No. CIV.A. 12-0276, 2012 WL 4813326, at *3 (E.D. Pa. Sept. 19, 2012) (finding counsel was not ineffective for advising defendant not to testify where counsel "testified that he was concerned that his drug use would come into evidence" and "[t]he state court credited [ ] counsel's testimony that he was concerned that [a] videotaped statement would be used to impeach Hughes' testimony, which included references to his drug use"), *report and recommendation adopted*, No. CIV.A. 12-0276, 2012

WL 4819634 (E.D. Pa. Oct. 9, 2012); *United States v. Smith*, 235 F. Supp. 2d 418, 426 (E.D. Pa. 2002) ("[Petitioner] has failed to overcome the presumption that counsel's advice that [Petitioner] not take the stand was 'sound trial strategy'" (quoting *Strickland,* 466 U.S. at 689)); *United States v. Robles*, 814 F. Supp. 1233, 1245 (E.D. Pa. 1993) (finding counsel's advice not to testify did not constitute ineffective assistance where counsel was concerned defendant would not be credible because he spoke rapidly and was an illegal immigrant).

After a *de novo* review, and in light of the fact that "[f]ederal habeas courts are not permitted to re-weigh witness credibility, and are bound by factual findings of state courts," R&R at 24 (citing *Marshall v. Lonberger*, 459 U.S. 422, 434-35 (1983)), the Court agrees with Judge Sitarski's conclusion that Hawes "has not overcome the 'dual presumptions that [trial] counsel's decisions constituted sound trial strategy; and that counsel and defendant discussed the defendant's right to testify and defendant voluntarily and intelligent[ly] waived that right," R&R at 25 (quoting *United States v. Hatcher*, No. CRIM. 94-173-1, 1997 WL 698488, at *3 (E.D. Pa. Nov. 7, 1997)); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see Bell v. Cone*, 535 U.S. 685, 6994 (2002). Hawes has not shown that the state courts' determination on his ineffective assistance of counsel claim based on an alleged failure of advise him of his right to testify was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The Court therefore overrules habeas counsel's objections and adopts the R&R's findings and recommendation as to Hawes' first claim: habeas relief is denied.

### 2.     *Habeas relief is not warranted with respect to claim three.*

Habeas counsel does not lodge a specific objection to the R&R's recommendation that habeas claim three be denied.  However, Hawes, in his *pro se* objections, does.  Hawes claims that "[t]he record here indicates Trial counsel put Molino on the stand without knowing 'what he'd say,' and then objected to Molino's testimony as being 'hearsay.'  Trial counsel made no attempt to: (a) consult with Hawes' employer; (b) other employees other than Molino; [or] (c) obtain Hawes' work records, attendance, pay-checks, etc."  Obj 1 at 2.  After a *de novo* review, the Court finds Hawes' objection to the R&R with respect to ground three, is, like the claim that trial counsel failed to adequately prepare alibi witness Molina itself, without merit.

Judge Sitarski reproduces a portion of the Superior Court's decision on Hawes' PCRA petition in the R&R, in which the Superior Court explained, in detail, why the record did not support the claim that trial counsel failed to adequately prepare Molina.  *See* R&R at 25 (quoting *Hawes*, 2016, Slip Op. at 18-19).  To the contrary, as Judge Sitarski observed, the Superior Court found the record established that trial counsel's investigator went to speak with Molina, trial counsel himself spoke with Molina prior to trial, and trial counsel subpoenaed Molina to testify at trial.  *See* R&R at 25 (quoting *Hawes*, 2016 Slip Op. at 18-19).  The Superior Court concluded that "[c]ontrary to [Hawes'] assertions, it is clear that trial counsel attempted to prepare Molina in the short amount of time he had to do so."  R&R at 25 (quoting *Hawes*, 2016 Slip Op. 19).

Having reviewed the record, this Court agrees with Judge Sitarski that these findings are not contrary to clearly established federal law, nor are they based on unreasonable factual determinations.  Moreover, the Court notes, as did Judge Sitarski, that Hawes "advances no argument on this point other than the conclusory statement that the Superior Court's decision 'constitutes an unreasonable application of clearly established federal law.'"  R&R at 26 (quoting

Hab. Pet. ¶ 12).  Judge Sitarksi additionally explains, persuasively, how even if trial counsel did deficiently prepare witness Molina, Hawes has failed to show how that deficiency was prejudicial.  *See* R&R at 27-29.

The Court therefore concurs with the thorough and well-reasoned findings of the R&R as to habeas claim three, and with the ultimate conclusion that the state courts' determination that trial counsel was not ineffective for failing to adequately prepare alibi witness Molina was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); *see Knowles*, 556 U.S. at 123 (explaining the "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard"); *Marshall*, 459 U.S. at 434-35 ("[Section 2254] gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").  Consequently, Hawes' objection with regard to claim three is overruled.  The Court adopts the R&R's findings and recommendation as to Hawes' third claim:  habeas relief is denied.

### 3.    *Habeas relief is not warranted with respect to claim five.*

Both Hawes and his habeas counsel object to the R&R's findings and conclusions that habeas claim five—that trial counsel was ineffective for failing to call as witnesses Raymond Stevenson, Roscoe Williams, Luvon Poulson, and Daryl Dees—is without merit and should be denied.  Habeas counsel makes the following objections:  trial counsel did not interview these witnesses and therefore had no idea what evidence they could provide, and this failure was a violation of trial counsel's duty to investigate; the finding that Stevenson's "testimony was

incredible in that it was contradictory to that of" Hawes' mother is without merit; trial counsel's failure to call Williams and Poulson constituted ineffective assistance because once counsel made certain arguments to the jury he had a duty to call these witnesses; Williams' criminal history did not provide trial counsel with a "reasonable basis" for not calling Williams; and trial counsel could have and should have subpoenaed Poulson. *See* Obj 2 at 9-14. Hawes, in his *pro se* objections, argues that Judge Sitarski erred in finding that trial counsel was not ineffective for failing to call Dees on the basis that Dees' testimony would have been cumulative; and that Judge Sitarski erred in finding that trial counsel was not ineffective for failing to call Dees based on Hawes' inability to show that Dees was available to testify at trial. *See* Obj. 1 at 5-9.

After a *de novo* review, the Court finds each of these objections to be without merit. The Court agrees with Judge Sitarski that Hawes has not shown that the state courts' conclusion that his trial counsel was not ineffective for failing to call these witnesses was contrary to, or an unreasonable application of federal law.

With respect to Stevenson, the Court agrees with Judge Sitarski and the state courts that Stevenson's testimony "was not necessary to avoid prejudice to [Hawes] and trial counsel demonstrated a reasonable basis for failing to call [him] at trial." *Hawes*, 2016 Slip Op. at 14. As the state courts observed, the record indicates several reasonable bases for declining to call Stevenson: he was not credible due to his significant criminal history, he did not provide any information regarding the third party who allegedly committed the crime, and, perhaps most importantly, trial counsel was attempting to implicate *Stevenson* as the perpetrator of the burglaries. *See* ECF No. 8-42 at 23, 28-29; ECF No. 8-60 at 2 n.5; *Hawes*, 2016 Slip Op. at 14. In these circumstances, the state courts' conclusion that trial counsel was not ineffective for failing to call Stevenson is not contrary to, or an unreasonable application of clearly established

federal law, nor does it involve an unreasonable factual determination. *See Perkins v. Gillis*, No. CIV.A. 04-1697, 2007 WL 187678, at *5 (E.D. Pa. Jan. 22, 2007) (recognizing drug use as a basis for trial counsel to decline calling a witness, and observing that "[t]he choice not to put incredible witnesses on the stand should not be held against counsel"); *Levan v. United States*, 128 F. Supp. 2d 270, 280 (E.D. Pa. 2001) ("[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy, which courts will practically never second guess.");

As to Williams, as the state courts observed, his criminal history provided a reasonable basis for declining to call him as a witness. According to the PCRA court, had he been called as a witness, Williams "would have been impeached at trial by a prior statement given to the police regarding the alleged use of his cell phone by [Hawes]. [Williams] also presented as incredible and had a significant criminal history." ECF No. 8-60 at 2 n.6; *see Hawes*, 2016 Slip Op. at 15 ("We agree with the trial court's conclusion that this issue is meritless. The Commonwealth would have impeached Williams with a *crimen falsi* robbery conviction if he had testified at trial."). There is no factual dispute as to Williams' criminal history. As such, this Court agrees with the state courts that a reasonable basis existed for trial counsel to decline calling Williams at trial. Consequently, the state courts' determination that trial counsel was not ineffective on this ground does not warrant habeas relief.[17] *See Rush v. Beard*, No. CV 08-4843, 2018 WL 3640599, at *37 (E.D. Pa. Aug. 1, 2018) ("Trial counsel was not ineffective for failing to call a witness that likely would have caused more harm than good for the defense."); *Burton v. Wetzel*, No. CV 16-1400, 2016 WL 9447170, at *9 (E.D. Pa. Oct. 5, 2016) ("Trial counsel cannot be deemed ineffective for failing to call an expert witness that failed to determine to a reasonable

---

[17]     As to Williams' criminal history, habeas counsel simply asserts that "[i]f lack of criminal history were a litmus test for being a witness, there would be very few witnesses in most criminal cases." Obj. 2 at 13. This is not a legal argument and moreover lacks a basis in logic.

degree of scientific certainty which inquiries to the GPS device were automatic, and which were manual."); *report and recommendation adopted*, No. CV 16-1400, 2017 WL 3394592 (E.D. Pa. Aug. 7, 2017).

As to Poulson and Dees, the Superior Court found that while Hawes' arguments with respect to these individuals were not waived, they were nonetheless without merit because Hawes had failed to make any showing that either witness was available to testify at trial. *See Hawes*, 2016 Slip Op. at 16-17 ("[W]e conclude that the issue is meritless. Hawes presented the affidavits of both Poulson and Dees, but these one-page documents do not confirm that Poulson or Dees would have been available to testify at Hawes' trial."). The Superior Court noted that these witnesses' failure to appear at the PCRA hearing further demonstrated their unavailability. *See id*. at 16 n.15. To succeed on a claim that counsel was ineffective for failing to call a witness, "an appellant must demonstrate that . . . the witness was available to testify for the defense . . . and the witness was prepared to cooperate and would have testified on [the] appellant's behalf." *Santiago v. Collins*, No. 2:12-CV-02659-WY, 2014 WL 656778, at *9 (E.D. Pa. Feb. 20, 2014) (quoting *Commonwealth v. Wright*, 599 Pa. 270, 331 (2008)); *see Commonwealth v. Pursell*, 555 Pa. 233, 258 (1999). Habeas counsel appears to argue that because trial counsel had the ability to subpoena these witnesses, the failure of Hawes to show that they were available should somehow be overlooked. Counsel provides no support for such a proposition. To the contrary, the Court does not see any reason why the Superior Court's determination—that in the absence of any evidence showing Poulson and Dees' availability, trial counsel was not ineffective for failing to call them as witnesses—was contrary to or an unreasonable application of clearly established federal law.

In sum, neither Hawes nor his habeas counsel has shown how the state courts'

determinations regarding trial counsel's decision not to call these four witnesses at trial satisfies

the standard set forth in 28 U.S.C. § 2254(d).  In the absence of any evidence or argument to the

contrary, this court must "indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance."  *Gregg v. Rockview*, 596 F. App'x 72, 77 (3d

Cir. 2015).  This presumption, when employed in the context of § 2254(d), creates a "doubly

deferential" standard of judicial review.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  The

objections with respect to these four individuals are overruled, and the Court adopts the R&R's

findings and recommendation as to Hawes' fifth habeas claim:  habeas relief is denied.[18]

### C.     There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made

a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x

224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)).  "Where a district court has rejected the

constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the denial of a habeas petition is based on

procedural grounds and the Court does not reach the underlying constitutional claim, "a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of

---

[18]     With respect to habeas counsel's general objection that trial counsel failed to investigate these witnesses, counsel does not support this contention with citations to the underlying record. In the absence of any record evidence—and, in particular, clear and convincing record evidence—Hawes is unable to overcome the presumption of correctness that attaches to the factual determinations underlying the state courts' rulings.  *See* 28 U.S.C. § 2254(e)(1); *see also Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008).

reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons discussed at length herein and in the R&R, it is not the case that reasonable jurists would disagree that claims two, four, six, seven, and eight of Hawes' habeas petition are procedurally defaulted, or that claims one, three, and five of his habeas petition fail on their merits. Consequently, he is not entitled to a COA.

## V.     CONCLUSION

For the reasons set forth above, the Court overrules the objections to Judge Sitarski's R&R, and adopts the R&R's findings and recommendations in their entirety. As such, Hawes' habeas petition is denied and dismissed. The Court further declines to issue a COA or order an evidentiary hearing.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge